**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES and Jaime Brown, Kelsey Buerger, Joel Bulthuis, David Burch, Claire Caverly, Susan Corrado, Bradley Gray, Summer Hyde, Daniel Jolly, Laura Rin, Marc Rongere, Zachary Smith, and Jessie Tossey, individually | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ROB QUADRINO and DAVID GARFINKLE, individually, and SUGAR HILL WORLD PREMIERE, LLC, a New York limited liability company, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**

**JURISDICTION AND VENUE**

1.     This is an action pursuant to Section 301 of the Labor Management Relations Act

("LMRA"), 29 U.S.C. § 185; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*;

the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*; and the

Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105, *et seq.*, for breach of contract, unpaid

wages and final compensation, attorneys' fees and costs, liquidated damages, and interest.

2.     The Court has subject matter jurisdiction over Plaintiffs' claim for breach of

contract pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and over Plaintiffs' claims for

unpaid wages and other compensation pursuant to Section 16(b) of the FLSA, 29 U.S.C.

§216(b); and 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over

Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the claims derive from a common nucleus of operative fact as the claims within the Court's original jurisdiction.

3.      The Court has personal jurisdiction over Defendants because the instant action arises out of Defendants' transaction of business in Illinois and employment of individuals in Illinois.

4.      Venue in this judicial district is proper pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and 28 U.S.C. § 1391(b) and (c), because the breach of contract took place in this judicial district and the work for which Plaintiffs' claim wages and other compensation are owed was performed in this judicial district.

**PARTIES**

5.      Plaintiff International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, its Territories and Canada, AFL-CIO, CLC (the "Union") is a labor organization representing employees in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a); 29 U.S.C. § 152(5).

6.      Plaintiffs Jaime Brown, Kelsey Buerger, Joel Bulthuis, David Burch, Claire Caverly, Susan Corrado, Bradley Gray, Summer Hyde, Daniel Jolly, Laura Rin, Marc Rongere, Zachary Smith, and Jessie Tossey (collectively, "Individual Plaintiffs") are individuals who, during the period December 1, 2023, through December 31, 2023, were hired by and performed work for Defendant Sugar Hill World Premiere, LLC within this judicial district.

7.      At all material times, each Individual Plaintiff has been an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e); the IMWL, 820 ILCS 105/3(d); and the IWPCA, 820 ILCS 115/2.

2

8.      The Individual Plaintiffs have each executed a consent to sue, copies of which are incorporated herein by reference and attached as Exhibit A

9.      Defendant Sugar Hill World Premiere, LLC ("Sugar Hill") is and at all times since at least October 1, 2023, has been a New York limited liability company doing business in Illinois.

10.      At all material times, Sugar Hill has been engaged in business in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

11.      At all material times, Sugar Hill has been an "employer" within the meaning of the LMRA, 29 U.S.C. § 152(2); the FLSA, 29 U.S.C. § 203(d), the IWPCA, 820 ILCS 115/2; and the IMWL, 820 ILCS 105/3.

12.      Defendants Rob Quadrino ("Quadrino") and David Garfinkle ("Garfinkle") are and at all times since at least October 1, 2023, have been agents of Sugar Hill.

13.      At all material times, Quadrino and Garfinkle acted directly or indirectly in the interest of Sugar Hill in relation to the Individual Plaintiffs and are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IWPCA, 820 ILCS 115/2; and the IMWL, 820 ILCS 105/3.

### GENERAL ALLEGATIONS

14.      On October 4, 2023, Sugar Hill, by its duly authorized representative Garfinkle, signed a project agreement with the Union ("Project Agreement"), pursuant to which it agreed that its production of "Sugar Hill: The Ellington/Strayhorn Nutcracker" at the Auditorium Theater in Chicago, Illinois (the "Event"), would be governed by the Union's collective bargaining agreement with the Broadway League, effective July 1, 2019, through July 2, 2023, as amended by a memorandum of agreement effective July 3, 2023, through June 27, 2027

("CBA"). The Project Agreement is incorporated herein by reference and attached hereto as Exhibit B. The CBA is incorporated herein by reference and attached hereto as Exhibit C.

15.     Sugar Hill hired the Individual Plaintiffs to work at the Event and the Individual Plaintiffs performed work for Sugar Hill on all or some of the days during the period December 1, 2023, through December 31, 2023.

16.     On some or all of the workweeks between December 1, 2023, and December 31, 2023, Sugar Hill employed the Individual Plaintiffs for a workweek longer than forty hours.

17.     All work performed by the Individual Plaintiffs for Sugar Hill was covered by the CBA.

18.     Sugar Hill has failed and refused to pay wages and other compensation owed to the Individual Plaintiffs for some or all of the work they performed while in Sugar Hill's employ.

### COUNT I – AGAINST SUGAR HILL FOR
### BREACH OF CONTRACT PURSUANT TO 29 U.S.C. § 185

19.     The Union restates paragraphs 1 – 18 as though fully set forth herein.

20.     At all material times, Sugar Hill was bound by the CBA, which required Sugar Hill to pay the Individual Plaintiffs wages and other compensation at specific rates set forth in the CBA.

21.     Sugar Hill has failed to pay the Individual Plaintiffs some or all of the wages and other compensation to which Individual Plaintiffs are entitled pursuant to the terms of the CBA.

22.     By its failure to pay wages and other compensation to the Individual Plaintiffs, Sugar Hill has violated the terms of the CBA.

23.     Sugar Hill is liable for the unpaid wages and other compensation owed pursuant to the CBA.

WHEREFORE, the Union respectfully requests that this Court:

A. Enter judgment in its favor and against Defendant Sugar Hill;

B. Award the Individual Plaintiffs all wages and other compensation owed pursuant to the terms of the CBA for all work performed at the Event;

C. Award the Union its reasonable attorneys' fees and costs incurred in connection with this action; and

D. Grant Plaintiffs such other relief which the Court deems appropriate under the circumstances.

### COUNT II – AGAINST SUGAR HILL, QUADRINO, AND GARFINKLE FOR FLSA VIOLATIONS

24. The Individual Plaintiffs restate paragraphs 1 – 18 as though fully set forth herein.

25. At all material times, Defendants were covered by the minimum wage and overtime provisions of the FLSA, including 29 U.S.C. § 206-207.

26. At all material times, the Individual Plaintiffs were covered by and entitled to the rights, protections, and benefits established by the FLSA, including the minimum wage and overtime provisions set forth in 29 U.S.C. §§ 206-207.

27. From approximately December 1, 2023, through December 31, 2023, Defendants employed the Individual Plaintiffs within the meaning of the FLSA.

28. Defendants have failed and refused to pay the Individual Plaintiffs the minimum wage established by the FLSA, 29 U.S.C. § 206(a)(1)(C), for some or all of their hours worked at the Event.

29. Defendants have further failed and refused to pay the Individual Plaintiffs overtime compensation pursuant to the FLSA, 29 U.S.C. § 207, for any hours worked in excess of forty hours per workweek.

30.     Defendants' failure to pay the Individual Plaintiffs minimum wages and overtime compensation was willful in that, *inter alia*, Defendants knew that the FLSA required them to pay minimum wages and overtime compensation, but Defendants' deliberately chose not to pay such wages.

WHEREFORE, the Individual Plaintiffs respectfully request that this Court:

A.   Enter judgment in their favor and against Defendants, jointly and severally;

B.   Award the Individual Plaintiffs their unpaid minimum wages pursuant to 29 U.S.C. § 206(a)(1)(C) for all hours of work performed at the Event;

C.   Award the Individual Plaintiffs their unpaid overtime compensation pursuant to 29 U.S.C. § 207 for all hours of work at the Event in excess of forty hours per week;

D.   Award the Individual Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216(b) in an amount equal to the unpaid minimum wages and overtime compensation requested in paragraphs B and C, above;

E.   Award Plaintiffs their reasonable attorneys' fees and costs incurred in connection with this action; and

F.   Grant Plaintiffs such other relief which the Court deems appropriate under the circumstances.

### COUNT III – AGAINST SUGAR HILL, QUADRINO, AND GARFINKLE FOR IMWL VIOLATIONS

31.     The Individual Plaintiffs restate paragraphs 1 – 18 as though fully set forth herein.

32.     At all material times, Defendants were covered by the minimum wage and overtime provisions of the IMWL, including 820 ILCS 105/4 and 820 ILCS 105/4a.

33.     At all material times, the Individual Plaintiffs were covered by and entitled to the rights, protections, and benefits established by the IMWL, including the minimum wage and overtime provisions set forth in 820 ILCS 105/4 and 820 ILCS 105/4a.

34.     From December 1, 2023, through December 31, 2023, Defendants employed the Individual Plaintiffs within the meaning of the IMWL.

35.     Defendants have failed and refused to pay the Individual Plaintiffs the minimum wage established by the IMWL, 820 ILCS 105/4, for some or all of their hours worked at the Event.

36.     Defendants have further failed and refused to pay the Individual Plaintiffs overtime compensation pursuant to the IMWL, 820 ILCS 105/4a, for any hours worked in excess of forty hours per workweek.

37.     Defendants' failure to pay the Individual Plaintiffs minimum wages and overtime compensation was willful in that, *inter alia*, Defendants knew that the IMWL required them to pay wages and overtime compensation but Defendants' deliberately chose not to pay such wages.

WHEREFORE, the Individual Plaintiffs respectfully request that this Court:

A.  Enter judgment in their favor and against Defendants, jointly and severally;

B.  Award the Individual Plaintiffs damages pursuant to 820 ILCS 105/12 in the amount of three times any unpaid minimum wages and overtime compensation owed for all hours of work performed at the Event;

C.  Award the Individual Plaintiffs statutory damages pursuant to 820 ILCS 105/12 in the amount of five percent (5%) of the amount of any unpaid minimum wages and overtime compensation for each month such wages and overtime compensation remain unpaid;

D. Award Plaintiffs their reasonable attorneys' fees and costs incurred in connection with this action; and

E. Grant Plaintiffs such other relief which the Court deems appropriate under the circumstances.

### COUNT IV – AGAINST SUGAR HILL, QUADRINO, AND GARFINKLE FOR IWPCA VIOLATIONS

38. The Individual Plaintiffs restate paragraphs 1 – 18 as though fully set forth herein.

39. From December 1, 2023, through December 31, 2023, Defendants employed the Individual Plaintiffs within the meaning of the IWPCA.

40. From December 1, 2023, through December 31, 2023, some or all of the Individual Plaintiffs incurred reasonable expenditures or losses required in the discharge of their employment duties that inured to the primary benefit of Sugar Hill.

41. Sugar Hill has failed to pay the Individual Plaintiffs all of the wages and other compensation to which the Individual Plaintiffs are entitled pursuant to the terms of the CBA.

42. Sugar Hill has also failed to reimburse the Individual Plaintiffs for all reasonable expenditures and losses as required by the IMWL, 820 ILCS 115/9.5.

43. By their failure to pay the Individual Plaintiffs wages and other compensation, including reimbursement of necessary expenditures, for the work performed during the Event, Sugar Hill has violated Sections 3, 4, and 9.5 of the IWPCA, 810 ILCS 115/3 *et seq*.

44. Defendants Quadrino and Garfinkle knowingly permitted Sugar Hill to violate the IWPCA and are therefore personally liable for Sugar Hill's failure to pay wages and other compensation pursuant to Section 13 of the IWPCA, 810 ILCS 115/13.

WHEREFORE, the Individual Plaintiffs respectfully request that this Court:

8

A. Enter judgment in their favor and against Defendants, jointly and severally;

B. Award the Individual Plaintiffs all wages and other compensation, including reimbursement of all necessary expenditures, owed pursuant to the terms of the CBA;

C. Award the Individual Plaintiffs statutory damages pursuant to 820 ILCS 115/14 in the amount of five percent (5%) of the amount of any unpaid wages and other compensation for each month such wages and overtime compensation remain unpaid;

D. Award Plaintiffs their reasonable attorneys' fees and costs incurred in connection with this action; and

E. Grant Plaintiffs such other relief which the Court deems appropriate under the circumstances.

**JURY DEMAND**

Plaintiffs demand a trial by jury as to all eligible claims in this action.

Dated: March 12, 2024.

Respectfully submitted,

INTERNATIONAL ALLIANCE OF
THEATRICAL STAGE EMPLOYEES and
INDIVIDUAL PLAINTIFFS

By:  */s/ Taylor E. Muzzy*
    One of their attorneys

Taylor E. Muzzy
Charles P. Burns
Jacobs, Burns, Orlove & Hernandez LLP
One North LaSalle Street, Suite 1620
Chicago, Illinois 60602
(312) 327-3450

9